IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 10 B 30189 |
| 10 E. ROOSEVELT CORP., d/b/a KAPPY'S, | ) | Honorable Jack B. Schmetterer |
| | ) | Motion Date: July 29, 2010 |
| Debtor-In-Possession | ) | Motion Time: 11:00 a.m. |

## FINAL ORDER PERMITTING INTERIM USE OF CASH COLLATERAL BELONGING TO PLAZA BANK

THIS CAUSE COMING ON TO BE HEARD on continued hearing on motion of Debtor, 10 EAST ROOSEVELT CORP., d/b/a/ KAPPY'S, for entry of a final order permitting use of cash collateral belonging to Plaza Bank (the "Cash Collateral Motion"), notice of the motion having been given to the United States Trustee's Office, Plaza Bank, all other parties holding liens upon the property and all creditors and the Court being duly advised in the premises; *no objections having been filed or communicated,* IT IS HEREBY ORDERED that:

1. Debtor is hereby authorized to use Plaza Bank's Cash Collateral on a final basis, however, that (1) Cash Collateral shall not be used for expenses other than those post-petition obligations on the budget, plus no more than ten percent (10%) of the total proposed expenditures except if otherwise agreed by Plaza Bank, a copy of which budget is attached hereto as Exhibit "A", and (2) no payroll payments shall be made without simultaneous tax deposits being made in an amount equal to the applicable withholding and social security taxes for each employee.

2. Except as otherwise provided in this Order, Debtor shall use the Cash Collateral solely for payment of its post-petition obligations and indebtedness in the ordinary course of its business operations, unless otherwise ordered by the Court after timely written notice to Plaza Bank.

3. Debtor shall deposit all monies collected in connection with the Collateral, whether generated pre-petition, or post-petition in its Debtor in Possession account.

4. As adequate protection for the lien of Plaza Bank, Debtor is hereby ordered and directed to pay Plaza Bank the amount of $4,220.00 on the 15th day of the each month in which this Order remains in full force and effect. However, should this order terminate before the end of the calendar month, then the adequate protection payment for the month in which this Order terminates will be prorated accordingly.

5. Plaza Bank is granted a replacement lien on the assets of the Debtor to the same extent and validity that existed prior to the filing of the above captioned case.

6. Debtor shall insure the Collateral against risk of loss, damage and destruction for the full replacement value thereof with an insurance company acceptable to Plaza Bank and with loss payable to Plaza Bank. Debtor shall provide proof of insurance to Plaza Bank.

7. Plaza Bank shall have the right to inspect the premises, property, assets and collateral of the Debtor, and conduct audits and inspections of the books and records of the Debtor during regular business hours upon reasonable advance notice.

8. This Order is without prejudice to the rights of Plaza Bank to receive any pre-petition or post-petition payments due Plaza Bank or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest, and subject to the rights of any party to object thereto

9. The occurrence of any one or more of the following shall constitute an event of default:

   a. This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

   b. Debtor's material failure to perform any of its obligations under this Order and failure to cure the default within ten (10) days after receipt of written notice of the default;

   c. The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

  d. The appointment of a Chapter 11 Trustee; or

  e. The dismissal of the Debtor's bankruptcy case.

  10. Upon the occurrence of an event of default, Plaza Bank may seek modification of the automatic stay to discontinue Debtor's right to use of Cash Collateral pursuant to this Order and for relief from the automatic stay to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

Date: 7/29/10

ENTER: _____
Bankruptcy Judge

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000

JUL 29 2010

The prevailing party will forthwith serve a copy of this order on all parties affected thereby, and file proof of such service with the Clerk.

**10 E. Roosevelt Corp. d/b/a Kappy's**
10 B 30189

Monthly Budget

### Receipts

|  |  |
|---|---|
|  | 90,100 |

### Expenses

| | |
|---|---:|
| Credit card processing fees | 1,200 |
| Disposal | 420 |
| Flowers and decorations | 100 |
| Food and supplies | 33,000 |
| Insurance | |
|   Health | 600 |
|   Premises | 865 |
|   Workers Compensation | 500 |
| Landscaping | 150 |
| Maintenace | 380 |
| Plaza Bank (Adequate Protection) | 4,220 |
| Rent | 12,000 |
| Sales Tax | 8,325 |
| Wages and Taxes | 22,160 |
| Utilities | |
|   Cable | 350 |
|   Electricity | 2,700 |
|   Gas | 1,700 |
|   Telephone | 150 |
| | **88,820** |

### Reconciliation

| | |
|---|---:|
| Receipts | 90,100 |
| Expenses | 88,820 |
| | 1,280 |