## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | **Case No.   10 B 30189** |
| **10 E. ROOSEVELT CORP., d/b/a KAPPY'S,** | ) | **Honorable Jack B. Schmetterer** |
| | ) | |
| **Debtor-In-Possession** | ) | **Motion Date:  February 14, 2011** |
| | ) | **Motion Time:  10:00 a.m.** |

### NOTICE OF MOTION

TO:     See attached service list

PLEASE TAKE NOTICE THAT on February 14, 2011 at the hour of 10:00 a.m., the **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR**, shall be heard by the shall be heard by the Honorable Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 682 at 219 South Dearborn Street, Chicago, Illinois, 60604. A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

### AFFIDAVIT OF SERVICE

I, Eileen M. Sethna, an attorney, certify that I caused the foregoing Notice of Motion and Final Application for Compensation of Counsel for the Debtor to be served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from Joliet, IL on January 24, 2011.

/s/*Eileen M. Sethna*        
Eileen M. Sethna

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604
Via CM/ECF

Plaza Bank
John Hunt, President
7460 W. Irving Park Road
Norridge, IL 60706

10 E. Roosevelt Corp.
c/o Robert R Benjamin, Beverly A Berneman &
Barbara L Yong
Golan & Christie, LLP
70 West Madison Street, Suite 1500
Chicago, IL 60602
Via CM/ECF

Advanceme, Inc. c/o General Counsel
2 Overhill Road
Suite 410
Scarsdale, NY 10583

Reinhart FoodService, LLC
c/o Jeremy M Guth
Kohner Mann & Kailas SC
4650 N Port Washington Road
Milwaukee, WI 53212
Via CM/ECF

Stephanie Karonis
c/o Paul Motz
Cutler & Hull
70 W Madison St., Ste 400
Chicago, IL 60602
Via CM/ECF

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St
Chicago, IL 60604

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55
Ben Franklin Station
Washington, DC 20044
 (*Contested Matters)

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

IL Dept. of Employment Security
33 S. State Street
Chicago, IL 60603

James D. Newbold
Asst. Atty. General Revenue Litigation Bureau
Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601

10 East Roosevelt Corporation
c/o Bill Manos
10 East Roosevelt Road
Villa Park, IL 60181

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | **Case No.   10 B 30189** |
| **10 E. ROOSEVELT CORP., d/b/a KAPPY'S,** | ) | Honorable Jack B. Schmetterer |
| | ) | |
| **Debtor-In-Possession** | ) | **Motion Date:  February 14, 2011** |
| | ) | **Motion Time:  10:00 a.m.** |

**FINAL APPLICATION FOR COMPENSATION OF**
**COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, 10 E.

ROOSEVELT CORP. d/b/a KAPPY'S ("Debtor"), applies to this court for an order approving the

payment of final fees in the amount $15,742.00 and fees incurred in the preparation of this final

application for compensation in the amount of $2,016.00, for a total of $17,758.00, and expenses in

the amount of $1,039.00, and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334.

Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant

to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND AND CASE STATUS

1.     Debtor filed for relief under Chapter 11 of the United States Code ("Bankruptcy

Code") on July 6, 2010. Debtor is the owner of a certain hospitality business which operates as a

family style restaurant.

2.     On July 29, 2010, this Court entered an order approving retention of Q&H as counsel

for the Debtor effective as of July 6, 2010. Q&H holds a retainer from the Debtor in the amount of

$3,165.00 plus a cost advancement of $1,039.00.

3.      On November 29, 2010, Q&H was granted leave to withdraw as counsel for the Debtor.

4.      Debtor has not yet filed its Plan or Disclosure Statement.

### III. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

1.      General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988);  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2.      Billing Entries.  Q&H uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action

-4-

taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      3.   <u>Hourly Charges.</u> Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

## IV. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### [LOCAL RULE 5082-1(A)]

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY
### OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### [Local Rule 5082-1(B)(1)(a)]

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 19.10 | $6,448.00 |
| AUTST | Automatic Stay | 5.00 | $1,710.00 |
| CLM | Claims | 3.70 | $1,184.00 |
| EXC | Executory Contracts | 2.90 | $976.00 |
| FEE | Fee Petition | 6.30 | $2,016.00 |
| FIN | Financing | 11.10 | $3,920.00 |
| OBJ | Objection to Claim | 1.20 | $384.00 |
| PLN | Plan | 1.90 | $608.00 |
| SOA | Sale of Assets | 1.60 | $512.00 |

| TOTAL | | 52.80 | $17,758.00 |
|-------|--|-------|------------|

## C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
### [Local Rules 5082-1(B)(1)(b) and (d)]

From July 6, 2010 to November 29, 2010, the Debtor has incurred $15,742.00 in fees at Q&H's customary hourly fee rates and $1,039.00 in costs and expenses, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section IV.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

*1.   ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such as reviewing monthly operating reports, communicating the United States Trustee's office, and advising Debtor about its operations as a debtor in possession. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| R. R. Benjamin | Partner | 10.90 | 320.00 | 3,488.00 |
| B. A. Berneman | Partner | 2.70 | 320.00 | 864.00 |
| E. M. Sethna | Partner | 3.40 | 320.00 | 1,088.00 |
| E. M. Sethna | Partner | 2.10 | 480.00 | 1,008.00 |
| | | 19.10 | | $6,488.00 |

2.    *AUTOMATIC STAY*

Q&H defended motions to modify the automatic stay. These motions were resolved preserving the Debtor's rights. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in protecting the Debtor, estate and other creditors. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| B. A. Berneman | Partner | 2.40 | 320.00 | 768.00 |
| E. M. Sethna | Partner | 1.40 | 480.00 | 672.00 |
| C. J. Harney | Associate | 1.20 | 225.00 | 270.00 |
| | | 5.00 | | $1,710.00 |

3.    *CLAIMS*

The activities in the claims category are those activities connected with reviewing claims to evaluating potential objections against the Debtor. The services benefited the estate on an economic basis by facilitating Debtor's ability to properly assess claims against the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| E. M. Sethna | Partner | 3.70 | 320.00 | 1,184.00 |
| | | 3.70 | | $1,184.00 |

4.   *EXECUTORY CONTRACTS*

Q&H aided the Debtor in evaluating its executory contracts for personal property and real property and facilitated the assumption of the Debtor's lease for its premises pursuant to §365 of the Bankruptcy Code. The services benefited the estate on an economic basis by facilitating Debtor's ability to properly determine the value or detriment of executory contracts to the bankruptcy estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R. R. Benjamin | Partner | .20 | 320.00 | 64.00 |
| B. A. Berneman | Partner | 2.40 | 320.00 | 768.00 |
| B. A. Berneman | Partner | .30 | 480.00 | 144.00 |
| | | 2.90 | | $976.00 |

5.   *FINANCING*

The activities in the claims category are connected to monitoring Debtor's compliance with the order permitting it to use cash collateral belonging to a secured creditor. The services benefited the estate on an economic basis by facilitating Debtor's ability to obtain operating funds while Debtor geared up for its primary sales season. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R. R. Benjamin | Partner | 5.10 | 320.00 | 1,632.00 |
| R. R. Benjamin | Partner | 2.00 | 480.00 | 960.00 |

| | | | | |
|---|---|---|---|---|
| B. A. Berneman | Partner | 3.70 | 320.00 | 1,184.00 |
| B. A. Berneman | Partner | .30 | 480.00 | 144.00 |
| | | 11.10 | | $3,920.00 |

6.    *OBJECTIONS TO CLAIMS*

Q&H has counseled the Debtor in the evaluation and drafting of objections to claims. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in assuring that all claims against the estate are valid and correct.  The non-economic benefits insure the bankruptcy process and a fair distribution to all creditors.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| E. M. Sethna | Partner | 1.20 | 320.00 | 384.00 |
| | | 1.20 | | $384.00 |

7.    *PLAN*

Debtor and counsel worked diligently to draft a feasible plan and a disclosure statement that contains adequate information. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of its unsecured creditors.  The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R. R. Benjamin | Partner | .70 | 320.00 | 224.00 |
| B. A. Berneman | Partner | 1.20 | 320.00 | 384.00 |
| | | 1.90 | | $608.00 |

8.    *SALE OF ASSETS*

Q&H fielded inquiries from potential purchasers of the Debtor's assets. Although the Debtor does not have any plans to sell any of its assets out of the ordinary course of business, in the event

that the Debtor reconsiders this option, it is in the best interests of the estate to identify potential

purchasers. The services resulted in an economic benefit to the estate by facilitating a possible sale

and distribution to creditors.  The non-economic benefits resulted from aiding the administration of

the estate and furthering the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| B. A. Berneman | Partner | 1.60 | 320.00 | 512.00 |
| | | 1.60 | | $512.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE
### APPLICATION FOR PREPARATION OF CURRENT OR
### PRIOR APPLICATION FOR COMPENSATION
### [Local Rules 5082-1(B)(1)(c)]

An itemized breakdown of the time expended in preparing this Final Petition is attached hereto

as Exhibit B.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| E. M. Sethna | Partner | 6.30 | 320.00 | 2,016.00 |
| | | 6.30 | | $2,016.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION
### IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH
### PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
### [Local Rules 5082-1(B)(1)(d)]

The summary of each professional and the compensation appears in the Detailed Statement of

Services attached as Exhibits A and B to this final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 16.90 | 320.00 | 5,408.00 |
| Robert R. Benjamin (RRB) | Partner | 2.00 | 480.00 | 960.00 |
| Beverly A. Berneman (BAB) | Partner | 14.00 | 320.00 | 4,480.00 |
| Beverly A. Berneman (BAB) | Partner | .60 | 480.00 | 288.00 |
| Eileen E. Sethna (EEM) | Partner | 14.60 | 320.00 | 4,672.00 |
| Eileen E. Sethna (EEM) | Partner | 3.50 | 480.00 | 1,680.00 |
| Christopher J. Harney (HRN) | Associate | 1.20 | 225.00 | 270.00 |
| **TOTAL** | | **52.80** | | **$17,758.00** |

### F.  NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### [Local Rules 5082-1(B)(1)(f)]

1.      This is applicant's first and final fee petition.

### G.  NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT
### IS SOUGHT
### [Local Rules 5082-1(B)(1)(g)]

1.      Q&H seeks reimbursement of $1,039.00 for costs and expenses it incurred during its

representation of the Debtor to date.  Expenses were incurred for the costs associated with filing a

Chapter 11 bankruptcy. Debtor agreed to pay for these items pursuant to a written agreement with

Debtor's counsel.  These expenses were necessary to accomplish the proper representation of the

Debtor.

2.      The detail for each item for which counsel seeks reimbursement was contained in the

Detailed Statement of Services which are attached as Exhibit A to the final fee petition.

### H.  NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES
### ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### [Local Rules 5082-1(B)]

Counsel requests that the fees and expenses sought herein be allowed and paid.

-11-

## V.  Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to

the Debtor.  To date, the Debtor has not objected to the fees incurred.

## VI.  The Value of the Services for Which
## Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

> (a)    After notice to any parties in interest and to the United States trustee and a
> hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a
> trustee, to an examiner, to a professional person employed under section 327 or 1003 of this
> title, or to the debtor's attorney B

>> (1)    reasonable compensation for actual, necessary services rendered by such
>> trustee, examiner, professional person, or attorney, as the case may be, and by any
>> paraprofessional persons employed by such trustee, professional person, or attorney, as the
>> case may be based on the nature, the extent, and the value of such services, the time spent on
>> such services, and the cost of comparable services other than in a cases under this title; and

>> (2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the

reasonableness of all fee requests, whether or not objections are filed.  *In re Spanjer Brothers, Inc.,*

203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill.

1987).   The burden of proof is on the applicant to show that the fees incurred were actual and

necessary.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago*

*Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74

B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by

Q&H.  The various issues involved required experienced bankruptcy counsel.  Q&H attorneys have

over sixty (60) years combined experience in the area of bankruptcy law.  Less experienced attorneys

would not have handled the matters herein as efficiently and as effectively.  Due to the substantial

time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive

representation during the initial phase of these cases.   Q&H was able to accomplish a great deal

directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a

plan supported by a detailed disclosure statement.   Considering the results obtained by Q&H the

amounts involved are fair and reasonable.   This Court has reviewed and ruled upon numerous fee

applications and is in a position to determine that the rates herein are reasonable.

## VII. Objections

Any objections to this fee application should be submitted in writing, filed with the Clerk of

the Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn,

Chicago, Illinois 60604 and delivered to counsel at the address below on or before February 7, 2011.

## VII. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.     Determining that the legal services and fees incurred were necessary and reasonable;

B.     Allowing final compensation as counsel for the Debtor in the amount of $17,758.00;

C.     Allowing reimbursement of expenses in the amount of $1,039.00; and

D.     Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LTD.

By: /s/*Eileen M. Sethna*
          Eileen M. Sethna

Eileen M. Sethna (ARDC #6276640)
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60606
(312) 540-7000

Document #: 1534117